■ JANET BEVERLY et al., Individually and as Tenants of Public Housing in the City of New Rochelle, Appellants, v MUNICIPAL HOUSING AUTHORITY OF THE CITY OF NEW ROCHELLE, Respondent.—Judgment of the Supreme Court, Westchester County, dated February 6, 1975, affirmed, without costs (see Burr v New Rochelle Municipal Housing Auth., 347 F Supp 1202, mod 479 F2d 1165). Gulotta, P. J., Martuscello, Christ, Brennan and Shapiro, JJ., concur.

■ ALICE BORKOWSKI, Respondent, v ARTHUR BORKOWSKI et al., Appellants.—In an action, inter alia, to set aside a conveyance of real property, defendants appeal from a judgment of the Supreme Court, Richmond County, dated June 26, 1974, which, after a nonjury trial, inter alia, (1) vacated and set aside the deed purportedly conveying the real property, (2) directed cancellation of the deed as of record, (3) enjoined defendants from selling, mortgaging or otherwise encumbering the property, (4) vacated and set aside a power of attorney executed by plaintiff and (5) directed defendants to pay plaintiff the sum of $5,000 as punitive damages. Judgment modified, on the law, by deleting therefrom the award of punitive damages. As so modified, judgment affirmed, with costs to respondent. The proof in this case and the findings of fact by the trial court show that the fraud committed by defendants was not aimed at the public generally. Therefore, there can be no award of exemplary damages (Walker v Sheldon, 10 NY2d 401; James v Powell, 19 NY2d 249; Vinlis Constr. Co. v Roreck, 27 NY2d 687; Greiss v Royal Nat. Bank, 31 NY2d 1003). Gulotta, P. J., Martuscello, Christ, Brennan and Shapiro, JJ., concur.