BENJAMIN J. GREENSPAN, Respondent, v COMMERICAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant.

Third Department, June 2, 1977

*Carter, Conboy, Bardwell, Case & Blackmore (Randall J. Ezick of counsel), for appellant.*

*Donohue, Bohl, Clayton & Komar, P. C. (Myron Komar of counsel), for respondent.*

GREENBLOTT, J. Plaintiff, it is alleged, is insured under a policy of disability insurance issued by the defendant, and paid all premiums as they became due during relevant time periods. Plaintiff allegedly became permanently disabled on April 18, 1973 and received payments pursuant to said disability policy through October 8, 1973, at which time defendant

ceased payment of further benefits. Plaintiff alleges that on and after October 8, 1973 he remained permanently disabled. In this action plaintiff seeks damages for financial deprivation, mental anguish and emotional distress in the amount of $200,000 resulting from alleged acts of the defendant as shall be hereinafter described, and further seeks an award of punitive damages in the amount of $5,000,000.

The factual allegations upon which plaintiff relies in seeking punitive damages can be briefly summarized as follows: plaintiff furnished defendant with the reports of various doctors establishing disability; that defendant without justification on the basis of the medical reports available to it refused to continue weekly payments and grant plaintiff a waiver of premium; that reports furnished by doctors who examined plaintiff for the defendant indicated plaintiff's entitlement to benefits; that defendant knew, or in the absence of recklessness and gross negligence should have known, that certain assumptions made by defendant's examining physicians were incorrect and that certain tests had to be terminated prematurely because of plaintiff's physical condition and therefore did not provide true results; that defendant knew that the reasons given for the denial of benefits were false and untrue and constituted a fraud; that defendant nevertheless advised plaintiff to furnish additional evidence of disability, whereupon, in reliance upon defendant's representations, plaintiff underwent hospitalization for additional tests which subjected him to extreme stress, anxiety, pain and suffering; that defendant, with knowledge that one of its own doctors had actually found plaintiff disabled under the policy, and having before it the results of the further tests, which proved plaintiff's disability, continued to fraudulently refuse the payment of benefits and to waive the premium; and that defendant thereafter requested a further examination of plaintiff by defendant's other doctor who found disability under the policy; defendant nevertheless represented that said doctor had not found plaintiff to be disabled, which declaration was known by defendant to be false and constituted a fraud to deprive plaintiff of benefits due him.

Defendant charges error in Special Term's refusal to dismiss the second cause of action contending that allegations of a willful, malicious and fraudulent breach of contract in refusing to make payments pursuant to an insurance policy do not, even if established, create a right to punitive damages. De-

fendant places reliance upon *Walker v Sheldon* (10 NY2d 401) and urges that the pleadings must allege not only morally culpable conduct but a gross and wanton fraud upon the public. This view of the law is no longer valid. In *Borkowski v Borkowski* (39 NY2d 982, affg 48 AD2d 846) the Court of Appeals specifically ruled that "[i]t is not essential * * * that punitive damages be allowed in a fraud case only where the acts had been aimed at the public generally" (39 NY2d 983). Thus, if the allegations set forth a "gross, wanton or willful fraud or other morally culpable conduct" punitive damages may be allowed (39 NY2d 983).

Defendant's answer consists of mere denials, and a reference to the fact that plaintiff failed to annex the insurance policy to his complaint. Defendant refers to said insurance policy and offers to incorporate all the terms therein by reference, specifically with regard to certain enumerated paragraphs of the complaint. It cannot be said, upon a review of the complaint, that plaintiff's allegations of fraud and conduct which a jury might regard as morally culpable are insufficient. A cause of action for punitive damages in the absence of "public fraud" does exist and has been adequately stated here. Defendant itself has failed to annex the policy or to quote any provisions thereof which might arguably set up an absolute bar to plaintiff's cause of action. This is patently inadequate to secure an order to dismiss a complaint which contains sufficient allegations to set forth a cause of action.

The order should be affirmed, with costs.

KOREMAN, P. J., SWEENEY, MAIN and HERLIHY, JJ., concur.

Order affirmed, with costs.