OPINION OF THE COURT
Edward H. Lehner, J.
This motion raises the issue of whether the mere assertion of a claim for punitive damages entitles the claimant as of right to obtain pretrial information with respect to the profits of the alleged offending party.
Defendants move pursuant to CPLR 3133 and 3103 (subd [a]) to strike Interrogatory No. 5 of the fourth set of interrogatories, and to strike Item No. 1 from the notice of discovery and inspection both of which seek information relating to the profits of the defendant New York Magazine for 1978, 1979 and 1980.
This is an action to recover for an alleged libel. On February 28, 1979, New York Magazine published an article written by defendant Martha Hume entitled “Warning: It has been determined that a stress test can be dangerous to your health.” Plaintiffs, who are in the business of fitness monitoring, claim that as a result of this publication their reputation has been damaged.
Defendants claim that both discovery requests are objectionable as they relate solely to the issue of punitive damages. Defendants allege that plaintiffs are only entitled to said financial information “after plaintiffs have established their right to such damages.” Plaintiffs argue *997 that the information is relevant and appropriate at this time in order to ensure an orderly trial.
Generally, the wealth of a defendant is not discoverable since “[i]t has been the theory of our government and a cardinal principle of our jurisprudence that the rich and poor stand alike in courts of justice, and that neither the wealth of the one nor the poverty of the other shall be permitted to affect the administration of the law.” (Laidlaw v Sage, 158 NY 73, 103.)
Nevertheless, when dealing with the question of punitive damages, the purpose of which is to deter wrongful acts, there are strong policy reasons why the claimant should be entitled to present to the trier of facts evidence of the financial condition of the offender. Although several courts have taken contrary positions (see Wilson v Onondaga Radio Broadcasting Corp., 175 Misc 389, and cases cited therein), this court is of the opinion that if the purpose of an award of punitive damages is to be realized, then financial status should be considered. (See Rupert v Sellers, 48 AD2d 265; Klauber v S. K. E. Operating Co., 163 Misc 418.) Would we deter the commission of malicious acts by the wealthy if they were punished the same as the poor? Although the sanctions of the criminal law obviously do not consider the wealth of the offender, if wealth were not considered when dealing with the imposition of civil exemplary damages, the reason for the imposition of the award would be subverted.
Thus, having found that financial status is a factor in assessing punitive damages, the issue then presented is at what stage of the litigation the claimant may inquire of such status. If the simple allegation of punitive damages allowed an inquiry into a party’s assets, much abuse could result and “[create] undue pressure on defendants in such actions to compromise unwarranted claims.” (Rupert v Sellers, supra, p 271.) To resolve the problem, the Fourth Department in Rupert vacated a notice for the production of income tax returns with the provision that plaintiffs could renew their application for discovery in the event plaintiffs obtained a special verdict entitling them to punitive damages.
*998 This court is of the opinion that pretrial discovery of a party’s wealth should not be available merely because the plaintiff has alleged punitive damages. As stated in Rupert (supra, p 272) a “[defendant’s wealth should not be a weapon to be used by plaintiff to enable him to induce the jury to find the defendant guilty of malice, thus entitling plaintiff to punitive damages.”
The relevancy of a defendant’s wealth, on the issue of punitive damages, is to aid the jury in determining how large a judgment is needed to deter and punish the defendant. Therefore, since this information is only to be used as a guide for punishment, it is premature to permit such discovery at this time. The better procedure is to have the jury render a verdict on the merits and if punitive damages are found warranted to immediately allow discovery on financial status and then proceed to a trial on the amount of such damages to be awarded. (See Exemplary Damages in the Law of Torts, 70 Harv L Rev 517, 528; Rupert v Sellers, supra; Gierman v Toman, 77 NJ Super 18.)
Accordingly, defendants’ motion is granted with the proviso that plaintiffs shall be entitled to the information denied them herein in the event they obtain a special verdict entitling them to punitive damages against New York Magazine. The information sought by plaintiffs is simple to provide and should be available promptly in the event of an award of such damages.