■ HENRY M. MARSCH, Appellant, v MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered April 27, 1983 in Albany County, which granted defendant's motion for summary judgment dismissing plaintiff's sixth cause of action for punitive damages. ¶ Plaintiff held five disability benefits insurance policies issued by defendant between 1949 and 1964. The policies provided lifelong benefits in the event of disability caused by accident. A lesser period of benefits ranging between one and five years was provided in the event the disability was the result of sickness. In 1974, plaintiff submitted

a claim based on a disabling heart condition which he claimed was caused by his moving filing cabinets at his place of business on February 11, 1974. Defendant provided plaintiff with disability payments through 1979, at which time the payments ceased. ¶ Plaintiff commenced an action against defendant alleging that he was entitled to continued benefits because his condition was the result of an accident, to wit, a filing cabinet falling against his chest causing permanent heart wall damage. Defendant's answer alleged that plaintiff's disability was the result of a sickness, not an accident, and that, therefore, plaintiff was not entitled to further benefits under the policies. Following joinder of issue and discovery, defendant moved before Special Term for summary judgment dismissing the sixth cause of action. The sixth cause of action reads as follows: ¶ "FORTY-SEVENTH: Plaintiff repeats and realleges each and every allegation contained in Paragraphs marked 'FIRST' through 'FORTY-SIXTH' inclusive of the complaint as if fully set forth at length herein. ¶ "FORTY-EIGHTH: That the Defendant MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY in failing to abide by the contractual terms of the afore-mentioned insurance policies and in willfully and wrongfully withholding monetary benefits to the Plaintiff was guilty of malice and wantonness and oppression equivalent to malice and in willful disregard of the Plaintiff's rights. ¶ "FORTY-NINTH: That by reason of the foregoing, Plaintiff is entitled to exemplary or punitive damages in the sum of ONE MILLION and 00/100 ($1,000,000.00) DOLLARS against the Defendant MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY." ¶ Special Term granted defendant summary judgment as to that cause of action, relying upon *Halpin v Prudential Ins. Co.* (48 NY2d 906) and citing it for the proposition that "[i]nasmuch as plaintiff's action is grounded upon private breach of contract, and does not seek to vindicate a public right or deter morally culpable conduct, punitive damages are not recoverable" (*id.,* at p 907). This appeal by plaintiff ensued. "[P]unitive damages are not awardable for an isolated transaction such as a breach of an insurance contract, even if committed willfully and without justification, and, therefore, the allegations of the complaint, if proven, would still not justify a punitive award here (cf. *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, mot for lv to app dsmd 58 NY2d 605; *Catalogue Serv. of Westchester v Insurance Co. of North Amer.,* 74 AD2d 837; *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* [58 AD2d 858] *supra).*" (*Cass v Broome County Co-op. Ins. Co.,* 94 AD2d 822, 823.) Plaintiff relies upon *Greenspan v Commercial Ins. Co.* (57 AD2d 387) and *Borkowski v Borkowski* (39 NY2d 982). In those cases, the courts dealt with the issue of permitting punitive damages sought as part of a cause of action for fraud. There the courts stated that it is not essential that punitive damages be based only on acts which are aimed at the public generally, and that they may be awarded to remedy a private wrong if "gross, wanton or willful fraud or other morally culpable conduct" is established (*Borkowski v Borkowski, supra,* p 983). ¶ The evidence before Special Term casts grave doubt upon plaintiff's contention that his disability was accident related. His conduct since the date in question and his complex medical history are such as to indicate a most substantial issue of fact for the trial court. It does not appear that defendant's decision to dispute plaintiff's claim for disability payments was an unreasonable decision. On the other hand, plaintiff submitted nothing of a probative nature to support his claim that defendant was guilty of morally culpable conduct. To do so, plaintiff was required to come forward with an "extraordinary showing of a disingenuous or dishonest failure to carry out a contract" (*Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437, cert den 410 US 931; see, also, *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, mot for lv to app dsmd 58 NY2d 605). Plaintiff's argumentative

and conclusory affidavit failed to do so. ¶ Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.