■ NOEL VAN SWOL, Appellant, v DELAWARE VALLEY CENTRAL SCHOOL DISTRICT et al., Defendants, and JOSEPH C. HEMBROOKE, Respondent.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered January 15, 1985 in Sullivan County, which granted defendant Joseph C. Hembrooke's motion for summary judgment dismissing the amended complaint.

Plaintiff, a resident of Sullivan County, is employed as a social studies coordinator by the East Syracuse-Minoa Central School District in Onondaga County. Defendant Joseph C. Hembrooke is the superintendent of defendant Delaware Valley Central School District in Sullivan County and the remaining individual defendants were members of the Delaware Valley Central School Board. It appears that plaintiff and Hembrooke have been feuding for about five years. At one time, Hembrooke commenced a defamation action against plaintiff which he later discontinued without resolution. In addition, plaintiff had commenced an action against Hembrooke and the other defendants herein in the United States District Court for the Southern District of New York, which was dismissed for lack of subject matter jurisdiction.

Thereafter, plaintiff commenced the instant action and, in his amended complaint, alleged:

"5. Upon information and belief, on or about October 1982 defendants contacted various Union Officials of the Teachers Union of which plaintiff is a member.

"6. Upon information and belief, defendants did upon said contacts state that plaintiff was unfit to be a member of the teaching profession. Said statements being made in order to isolate plaintiff from his colleagues, cause loss of his job, and cause permanent impediment on his ability to practice his profession, all with the ultimate purpose of inflicting upon plaintiff severe emotional distress."

Hembrooke moved for a judgment dismissing the amended complaint upon the grounds that the complaint failed to state a cause of action and that the alleged causes of action were barred by the applicable Statute of Limitations. Special Term

determined that the first cause of action was for defamation and, consequently, was barred by the failure to commence the action within one year (see, CPLR 215). The second cause of action, alleging constitutional grounds, was dismissed for failure to state a cause of action.

On this appeal, plaintiff takes no issue with the dismissal of the second cause of action. As to the first cause of action, plaintiff contends that he neither intended nor was he able to allege and prove a cause of action for defamation because he did not know what words had been stated by defendants. However, he strongly contends that the cause of action alleged was a viable cause of action for the intentional infliction of emotional distress. Plaintiff further alleges that the statements made by defendants were made with knowledge that he suffered from unstable blood glucose levels making him more susceptible to emotional distress. Consequently, the dispositive issue for us to decide is whether the amended complaint adequately alleges sufficient facts to constitute the tort of intentional infliction of emotional distress. We conclude that it does not.

In order to constitute a cognizable cause of action for intentional infliction of emotional distress, plaintiff must set forth sufficient allegations to satisfy the rule as stated in Restatement (Second) of Torts § 46 (1) (1965) (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 303; Fischer v Maloney, 43 NY2d 553, 557). Thus, plaintiff must show that the defendants engaged in extreme or outrageous conduct which intentionally or recklessly caused severe emotional distress to plaintiff. " 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (Murphy v American Home Prods. Corp., supra, p 303, quoting Restatement [Second] of Torts § 46 comment d [1965]). Construing the allegations of the amended complaint most favorably to plaintiff (see, Sanders v Winship, 57 NY2d 391, 394), they fail to allege facts sufficient to meet the strict standard which is cognizable as a cause of action for the intentional infliction of emotional distress. Hembrooke's alleged unflattering opinions of plaintiff's professional abilities do not suffice to establish a cause of action for intentional infliction of emotional distress (see, Restatement [Second] of Torts § 46 comment d [1965]).

Order affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.