■ HOME INSURANCE COMPANY OF INDIANA, Appellant, v PAUL KARANTONIS et al., Respondents, et al., Defendants.—
Main, J. P. ■

Defendants Paul Karantonis, John Karantonis and Steven Karantonis (hereinafter defendants) were the owners of a motel in the Lake George area when, on June 13, 1983, the two unconnected principal buildings were simultaneously destroyed by fire. At the time there was in effect a standard New York fire insurance policy issued to defendants by plaintiff. Defendants gave plaintiff prompt notice of the event and filed a timely claim. After the examination of various witnesses under oath, plaintiff advised defendants, on October 23, 1984, that it would not make payment under the policy and soon thereafter commenced the instant action alleging misrepresentation and concealment of material facts and arson and seeking a judgment declaring that it was not liable for any damages resulting from the fire. Defendants answered and, as a first counterclaim, sought damages allegedly owed under the policy, and by a second and separate counterclaim sought punitive damages and counsel fees on their assertion that plaintiff's failure to pay benefits was actuated by bad faith, and that its investigation of the incident was negligently performed. Plaintiff moved to dismiss the second cause of action, seeking punitive damages, on the ground that it failed to state a cause of action (CPLR 3211 [a] [7]) and for partial summary under CPLR 3212. Special Term denied both motions, the latter without prejudice and with leave to renew upon completion of discovery. Plaintiff appeals.

Inasmuch as defendants' counterclaim is grounded upon private breach of contract and does not seek to vindicate a public right or deter morally culpable conduct, punitive damages are not recoverable *(see, Halpin v Prudential Ins. Co.,* 48 NY2d 906). Punitive damages are not available for an isolated transaction such as a breach of an insurance contract, even if committed willfully and without justification *(Marsch v Massachusetts Indem. & Life Ins. Co.,* 101 AD2d 952, 953, *lv dismissed* 63 NY2d 769). Defendants' reliance on *Borkowski v Borkowski* (39 NY2d 982) and *Greenspan v Commercial Ins. Co.* (57 AD2d 387) is misplaced, for they were concerned with actions for fraud. Moreover, to succeed in showing entitlement to punitive damages, defendants would have to present an "extraordinary showing of a disingenuous or dishonest failure to carry out a contract" *(Gordon v Nationwide Mut. Ins. Co.,*

30 NY2d 427, 437, *cert denied* 410 US 931). No such claim is even made at bar, let alone shown. Given the prior poor financial performance of the business, simultaneous fires in separate buildings, the discovery of several empty gasoline cans in the ruins of each structure, and that defendants increased the amount of insurance in advance of the fire and other circumstances revealed in the record, it is difficult to argue that plaintiff's refusal was other than a reasonable one. Lastly, we note that it is well established that punitive damages may not be sought in a separate cause of action *(Hobush v Consolidated Rail Corp.,* 117 AD2d 927). Since we have found punitive damages inappropriate in this case, the second counterclaim should be dismissed and partial summary judgment granted.

Order reversed, on the law, without costs, motions granted and the second counterclaim of defendants Paul Karantonis, John Karantonis and Steven Karantonis is dismissed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.