■ DONALD E. HEBERT, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.—Yesawich, Jr.,

In a contract action to recover first-party benefits from his no-fault insurance carrier, plaintiff in his complaint, as amplified by a bill of particulars, seeks punitive damages. Defendant decided not to pay plaintiff, who some three weeks after undergoing surgery for a herniated disc on the right side was involved in a motor vehicle accident resulting in left shoulder and neck pain, giving rise to plaintiff's no-fault claim. Plaintiff charges this decision was inspired by malice and bad faith, primarily because defendant, acting through a claims adjuster who lacked medical training and contrary to the opinion of plaintiff's medical experts, concluded plaintiff was not disabled due to the auto accident and refused to pay him benefits for lost wages he sustained. Defendant's motion to dismiss the punitive damage claim for failure to state a cause of action was denied, prompting this appeal. We reverse.

Punitive damages may be recovered even though only private rights are involved (see, Keen v Keen, 113 AD2d 964, 965-966, lv dismissed 67 NY2d 646). However, they are not awardable for an isolated transaction incident to a legitimate business, such as a breach of an insurance contract, even a breach committed willfully and without justification; accordingly, even if the allegations of the complaint herein are proven, a punitive damage award would be unwarranted (see, Home Ins. Co. v Karantonis, 124 AD2d 368; Marsch v Massachusetts Indem. & Life Ins. Co., 101 AD2d 952, 953, lv dismissed 63 NY2d 769). Furthermore, to recover on account of defendant's purported bad faith, plaintiff was obliged to make an extraordinary showing of a disingenuous or dishonest failure by defendant to carry out its contract (see, Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427, 437, cert denied 410 US 931; see also, Royal Globe Ins. Co. v Chock Full O'Nuts, 86 AD2d 315, lv dismissed 58 NY2d 800). That showing was not made.

Order reversed, on the law, without costs, motion granted and plaintiff's claim for punitive damages dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.