■ MITCHELL J. MONROE, Appellant-Respondent, v PROVIDENCE WASHINGTON INSURANCE COMPANY, Respondent-Appellant.—Main, J. Cross appeals from an order of the Supreme Court at Special Term (Bradley, J.), entered December 6, 1985 in Albany County, which partially granted defendant's motion for summary judgment.

This action has its genesis in a September 10, 1979 one-car accident in which plaintiff was severely injured. Defendant refused to pay first-party benefits for plaintiff under his insurance policy, apparently contending that he was intoxicated at the time of the accident, and plaintiff submitted his claim to arbitration. By a consent order dated October 28, 1981, defendant agreed to pay all medical expenses to the coverage limits of the policy. Plaintiff thereafter commenced this action, alleging that the injuries he sustained in the accident were aggravated by defendant's wrongful refusal to pay first-party benefits since he was unable to obtain proper medical care. Defendant moved for summary judgment, claiming that the arbitration award precludes this action and that, in any event, plaintiff's claim for punitive damages was improper. Special Term agreed with this latter point and dismissed plaintiff's claim for punitive damages; however, Special Term refused to grant the remainder of defendant's motion, finding that the arbitration award does not preclude plaintiff's current claim.

We agree with Special Term on both points and accordingly affirm. It is clear that the doctrines of res judicata and collateral estoppel are applicable to arbitration awards and will bar subsequent relitigation of an issue or claim (Matter of Ranni [Ross], 58 NY2d 715, 717). Further, an arbitration award will bar subsequent litigation for first-party benefits which were the subject of arbitration, even if the medical expenses for which benefits are sought are incurred after the arbitration (Roggio v Nationwide Mut. Ins. Co., 66 NY2d 260). However, neither res judicata nor collateral estoppel is applicable here. At issue in the arbitration was whether plaintiff was entitled to recover first-party benefits under the insurance policy. At issue in the present action is whether plaintiff is entitled to recover damages for aggravation of his injuries due to defendant's allegedly wrongful denial of benefits. The injuries claimed in this action are not injuries covered by first-

party benefits since they did not arise from the accident, and they could not properly have been the subject of the arbitration. Since the issues in these two matters are not identical, collateral estoppel is inapplicable *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 455). Similarly, res judicata is inapplicable because plaintiff is not seeking to relitigate a cause of action *(see, Matter of Ranni [Ross], supra).* Therefore, Special Term properly denied defendant's motion for summary judgment in this regard.

With respect to plaintiff's claim for punitive damages, this court has repeatedly noted that punitive damages are not available for an isolated transaction such as the breach of an insurance contract, even if that breach was committed willfully and without justification *(Hebert v State Farm Mut. Auto. Ins. Co.,* 124 AD2d 958; *Home Ins. Co. v Karantonis,* 124 AD2d 368; *Marsch v Massachusetts Indem. & Life Ins. Co.,* 101 AD2d 952, 953, *lv dismissed* 63 NY2d 603). In order to demonstrate entitlement to punitive damages, a party would have to present an "extraordinary showing of a disingenuous or dishonest failure to carry out a contract" *(Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437, *cert denied* 410 US 931; *accord, Home Ins. Co. v Karantonis, supra).* Plaintiff's evidence in this regard does not make such an extraordinary showing and is therefore inadequate. Accordingly, Special Term properly dismissed plaintiff's claim for punitive damages.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.