■ VILLAGE OF MALONE HOUSING AUTHORITY, Appellant, v JARDINE INSURANCE BROKERS, INC., et al., Respondents.—Yesawich, Jr., J.

In response to a request from plaintiff, a public housing authority, for insurance contract bids, defendant Jardine Insurance Brokers, Inc., submitted a bid to issue a blanket multiperil policy in accordance with plaintiff's specifications. The three-year policy, to be issued by defendant Maryland Casualty Company, carried a premium of $20,382 payable in annual installments and included a provision that it was not subject to rerating. Plaintiff accepted this bid and a policy was issued commencing September 22, 1984. Upon discovering that the policy permitted rerating, plaintiff and Jardine amended it to remove the rerating provision by issuance of a change of endorsement on April 23, 1985. In December 1985, Jardine informed plaintiff that the premium was being rerated retroactively and that an additional $33,478 was due for September 22, 1985, and a like amount the following year. Despite plaintiff's protests against the unilateral rerating, Jardine

advised plaintiff that Maryland would, as it eventually did, cancel the policy if the increased premium went unpaid.

In its action for breach of the insurance contract, plaintiff made a demand for punitive damages alleging that defendants' breach was "fraudulent, gross, wanton and willful" and "part of a concerted scheme and not an isolated instance". In response to demands for particulars with respect to its punitive damage claim, plaintiff asserted, in short, that defendants' breach was part of a concerted effort by them and other functionaries of the insurance industry to create an "insurance crisis" to enhance their profits. Maryland moved to preclude plaintiff from offering proof at trial regarding punitive damages because of plaintiff's failure to particularize the basis for that claim. Supreme Court observed that without further particularization of the activities that defendants are alleged to have engaged in, they would be saddled with the "impossible burden of defending an entire industry in an action on a single contract". Plaintiff was therefore ordered to serve a new or expanded bill of particulars on Maryland with the admonition that failure to do so would result in plaintiff being precluded from offering proof as to those items not specifically particularized. Apart from a statement that "[t]he exact and full extent of [defendants'] egregious conduct beyond that set forth above is unknown at this time and must await completion of discovery", the amended bill of particulars served on Maryland added nothing of substance to the original bill. An original bill of particulars was concurrently served on Jardine, which provided less information than the amended bill of particulars served on Maryland. Defendants then successfully moved to dismiss the claim for punitive damages. Plaintiff appeals; we affirm.

It has been consistently held that " 'punitive damages are not available for an isolated transaction such as the breach of an insurance contract, even if that breach was committed willfully and without justification' " (Salka v Lumbermens Mut. Cas. Co., 127 AD2d 333, 335, quoting Monroe v Providence Wash. Ins. Co., 126 AD2d 929). While punitive damages may be recovered even though only private rights are involved (see, Keen v Keen, 113 AD2d 964, 965-966, appeal dismissed 67 NY2d 646), to do so plaintiff was obliged to satisfactorily explain, but has not, how defendants' breach constituted "a high degree of moral turpitude and * * * such wanton dishonesty as to imply a criminal indifference to civil obligations" (Walker v Sheldon, 10 NY2d 401, 405). As the basis for its belief that defendants are involved in an industry-wide con-

spiracy, plaintiff puts forward nothing more than the fact of a naked breach of the contract. By failing to provide even a hint of the conspiracy upon which plaintiff predicates its punitive damage claim, it failed to comply with Supreme Court's order for particularization and thus further proof on this item is foreclosed. Since the willful breach of an insurance contract by itself is insufficient to support a claim for punitive damages, that claim was properly dismissed. We reject plaintiff's contention that merely because it is a public entity, public rights are automatically involved and hence punitive damages are warranted.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.