■ John N. Naja, Respondent, v Pennsylvania General Insurance Company, Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Brown, J.), entered December 11, 1987 in Saratoga County, which, *inter alia,* denied defendant's motion to dismiss the second cause of action for failure to state a cause of action.

In this action, plaintiff seeks to recover on a homeowners insurance policy issued by defendant for plaintiff's residence which insured against, *inter alia,* theft of jewelry. Defendant appeals from an order by Supreme Court which denied its motion to, *inter alia,* dismiss plaintiff's second cause of action for punitive damages and counsel fees.

It was alleged by plaintiff that sometime in February 1985 the insured jewelry was stolen. A loss claim was submitted by plaintiff to defendant. Plaintiff and his wife were then examined under oath as part of defendant's investigation of the alleged loss. Following the investigation, defendant rejected plaintiff's claim and plaintiff then commenced this action. In support of the claim for punitive damages and counsel fees, plaintiff alleged fraud and bad faith on defendant's part in refusing to settle the claim. Plaintiff's complaint also alleged that defendant's rejection was willful, wanton and malicious. These allegations were based on plaintiff's assertion that defendant improperly inquired into plaintiff's private life and his wife's history of mental illness.

Supreme Court's order should be reversed. This court has continually denied awards of punitive damages for isolated breaches of insurance contracts even if the breaches were committed willfully and without justification *(see, Village of Malone Hous. Auth. v Jardine Ins. Brokers,* 140 AD2d 917; *Salka v Lumbermens Mut. Cas. Co.,* 127 AD2d 333, 335; *Monroe v Providence Washington Ins. Co.,* 126 AD2d 929, 930). Here, Supreme Court based its decision on *Greenspan v Commercial Ins. Co.* (57 AD2d 387). However, as we have previously noted, the action in *Greenspan* was premised on fraud

*(see, Salka v Lumbermens Mut. Cas. Co., supra,* at 335), and is therefore distinguishable from the present situation. Plaintiff in this case argues that defendant's actions in rejecting his claim went beyond a simple breach of contract and were actually fraudulent conduct. However, before a plaintiff may recover on this basis, he is required to make an "extraordinary showing of a disingenuous or dishonest failure by defendant to carry out its contract" *(Hebert v State Farm Mut. Auto Ins. Co.,* 124 AD2d 958, 959, *appeal dismissed* 69 NY2d 1038; *see, Salka v Lumbermens Mut. Cas. Co., supra,* at 335). Plaintiff has failed to make such a showing. There is no indication in the record that defendant's inquiries into the personal history of plaintiff and his wife were motivated by anything but an effort to establish whether the alleged theft of the jewelry actually occurred. Based upon the facts disclosed by defendant's investigation, it cannot be said that defendant acted in bad faith or was dishonest.

Additionally, the claim for counsel fees should also have been dismissed. In the absence of a valid claim for punitive damages, counsel fees are inappropriate *(Samovar of Russia Jewelry Antique Corp. v Generali, Gen. Ins. Co.,* 102 AD2d 279, 284; *see, Salka v Lumbermens Mut. Cas. Co., supra,* at 337).

Order reversed, on the law, without costs, motion granted and second cause of action dismissed. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.