■ LINDA S. O'DELL et al., Appellants, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent, et al., Defendant.—Kane, J. P. Appeal from an order of the Supreme Court (Crew, III, J.), entered December 24, 1987 in Chemung County, which, *inter alia,* granted defendant New York Property Insurance Underwriting Association's motion for partial summary judgment dismissing plaintiffs' claim for punitive damages.

This action was commenced to recover proceeds of a fire insurance policy issued by defendants, New York Property Insurance Underwriting Association (hereinafter NYPIUA) and F. G. Wright Agency, Inc. (hereinafter Wright), to plaintiff Linda S. O'Dell, covering premises located in the Town of Horseheads, Chemung County. Plaintiff Esther Stonier was the named payee. On March 26, 1986 the premises were totally destroyed by fire. O'Dell reported the loss to Wright, and NYPIUA conducted an investigation which was apparently still continuing when plaintiffs commenced this action.

Plaintiffs alleged in their complaint that NYPIUA wrongfully denied payment on the policy, and they sought both compensatory and punitive damages. After answering, NYPIUA moved to strike the claim for punitive damages or, in the alternative, for partial summary judgment against plaintiffs on that claim. Plaintiffs cross-moved for partial summary judgment against NYPIUA for compensatory damages, i.e., the face value of the policy. Supreme Court ruled in NYPIUA's favor and awarded it partial summary judgment. The court denied plaintiffs' cross motion. In appealing, plaintiffs address only the court's award of summary judgment to NYPIUA on the punitive damages claim.*

Plaintiffs' claim for punitive damages is premised upon two causes of action, one for breach of contract and one for intentional infliction of emotional distress. With respect to the contract claim, it is well settled that punitive damages are not recoverable where a plaintiff's contract action does not seek to vindicate a public right *(Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907; *Salka v Lumbermens Mut. Cas. Co.,* 127 AD2d 333, 335). This is true even if the alleged breach was committed willfully and without justification *(Cass v Broome County*

---

* Wright, although still a party, did not participate in NYPIUA's motion nor has it appeared on this appeal.

*Co-op. Ins. Co.,* 94 AD2d 822, 823). Such damages are permitted only in the rare instances where a defendant's conduct amounts to fraud *(see, Walker v Sheldon,* 10 NY2d 401, 405; *Greenspan v Commercial Ins. Co.,* 57 AD2d 387, 389). To prevail on that basis a plaintiff must make an "extraordinary showing of a disingenuous or dishonest failure by defendant to carry out its contract" *(Hebert v State Farm Mut. Auto. Ins. Co.,* 124 AD2d 958, 959, *appeal dismissed* 69 NY2d 1038), that is, there must be "morally culpable conduct" *(Halpin v Prudential Ins. Co., supra,* at 907).

Here, plaintiffs have made no showing of any fraudulent or morally culpable conduct by NYPIUA. Although the investigation has been lengthy, the evidence shows that any delays were occasioned by plaintiffs' repeated failures to produce documents requested by NYPIUA. These documents appear pertinent, and the record demonstrates nothing more than a routine investigation by NYPIUA. Furthermore, plaintiffs have made no showing to support their conclusory allegations that NYPIUA's conduct affected a public right.

As to the intentional infliction of emotional distress cause of action, the claim for punitive damages on that basis also fails. To recover such damages a plaintiff "must show that the defendants engaged in extreme or outrageous conduct which intentionally or recklessly caused severe emotional distress to plaintiff" *(Van Swol v Delaware Val. Cent. School Dist.,* 117 AD2d 962, 963). Additionally, conduct which is merely incidental to proper business motives is, by itself, insufficient to form the basis for such a claim *(O'Rourke v Pawling Sav. Bank,* 80 AD2d 847, *appeal dismissed* 54 NY2d 641).

In this case, as noted, the duration of the investigation was not inordinate and there is no evidence of harassment. The affirmative defense of arson is hardly novel and if, as here, pertinent to the relevant issues, it is privileged and properly included in a pleading *(see, Goldwater v Merchants Importing,* 6 AD2d 777). Finally, the attempt to depose O'Dell's deceased husband does not appear to be anything other than an unfortunate inadvertence. Accordingly, this cause of action was also properly dismissed.

Order affirmed, without costs. Kane, J. P., Weiss, Levine and Mercure, JJ., concur; Casey, J., not taking part.