■ DEBRA A. DIBLASI, Respondent, v BLUE CROSS OF WESTERN NEW YORK, INC., Appellant.—Order unanimously re-

versed on the law without costs and defendant's motion granted. Memorandum: Plaintiff commenced this action against defendant insurer seeking reimbursement of a portion of the expense of her three-month hospitalization in the psychiatric unit of Strong Memorial Hospital for treatment of an eating disorder, depression and drug abuse. After review of plaintiff's claim under her medical insurance policy and major medical rider, defendant reimbursed plaintiff for expenses incurred during the first 30 days of her hospitalization but denied reimbursement for the balance of her stay. In addition to her claim for compensatory damages for breach of contract, plaintiff seeks punitive damages of $500,000. Defendant appeals from an order which denied its motion for partial summary judgment dismissing plaintiff's claim for punitive damages.

Defendant demonstrated entitlement to dismissal of the punitive damages claim and plaintiff failed to sustain her burden in opposition. The record fails to support plaintiff's allegation that defendant, in its treatment of eating disorder claims, is systematically engaged in a morally culpable course of conduct, aimed at the public generally, in disregard of its contractual obligations *(see, Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907, *rearg denied* 49 NY2d 801; *Walker v Sheldon,* 10 NY2d 401, 405; *O'Dell v New York Prop. Ins. Underwriting Assn.,* 145 AD2d 791, 792). In particular, the record does not support plaintiff's assertion that defendant systematically denies reimbursement for treatment of eating disorders. In fact, it appears on this record that defendant's general practice is to reimburse eating disorder claims insofar as they require acute medical treatment but to deny reimbursement where such claims involve nonacute treatment. Contrary to plaintiff's assertion, defendant's partial denial of benefits was not based on its characterization of eating disorders as nervous and mental conditions without physiological effects. (Appeal from order of Supreme Court, Erie County, Doyle, J.—partial summary judgment.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.