■ KEVIN R. KINNARNEY, Respondent, v NATALE AUTO BODY, Defendant, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.—Kane, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 20, 1989 in Warren County, which, *inter alia,* denied defendant State Farm Mutual Automobile Insurance Company's motion to dismiss plaintiff's claim for punitive damages for failure to state a cause of action.

This appeal stems from a claim made by plaintiff pursuant to an automobile insurance policy issued by defendant State Farm Mutual Automobile Insurance Company (hereinafter State Farm). Plaintiff was involved in an accident in which his vehicle, a 1985 Winnebago utility van, was damaged. Plaintiff's complaint alleges, *inter alia,* that State Farm failed to sufficiently cover plaintiff's loss pursuant to the policy and that State Farm fraudulently induced plaintiff to employ the services of defendant Natale Auto Body (hereinafter Natale) to repair plaintiff's vehicle. State Farm moved to, *inter alia,* dismiss that part of plaintiff's complaint seeking punitive damages, arguing that allegations of its willful refusal to pay under the terms of the policy were insufficient as a matter of law to support a claim for such damages. Supreme Court denied the motion, finding, *inter alia,* that plaintiff's allegations that State Farm grossly disregarded its obligations under the policy "could constitute morally culpable conduct sufficient to entitle plaintiff to punitive damages". This appeal followed.

Affording plaintiff every favorable inference that may be drawn from the pleadings, we find that the complaint fails to state sufficient grounds upon which punitive damages could be awarded. Plaintiff's claim for punitive damages is premised upon three causes of action, one for breach of contract and two sounding in tort for negligence and fraud. As to plaintiff's contract cause of action, we have repeatedly noted that, even if willful or unjustified, breach of this type of insurance contract does not allow for the recovery of punitive damages *(see, O'Dell v New York Prop. Ins. Underwriting Assn.,* 145 AD2d 791; *Monroe v Providence Washington Ins. Co.,* 126 AD2d 929, 930).

For plaintiff to recover under his tort causes of action, "an 'extraordinary showing of a disingenuous or dishonest failure to carry out a contract' " is required *(Salka v Lumbermens*

*Mut. Cas. Co.,* 127 AD2d 333, 335, quoting *Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437, *cert denied* 410 US 931; *see, Naja v Pennsylvania Gen. Ins. Co.,* 144 AD2d 213, 214). Plaintiff's complaint alleges that State Farm "carelessly, negligently, recklessly, and incorrectly determined the actual cash value of the Winnebago and the amount necessary to repair or replace it" and that State Farm proceeded to fraudulently induce plaintiff to employ the services of Natale for the vehicle's repairs through plaintiff's reliance "upon State Farm's and Natale's false and deceitful representations that the Winnebago could be completely repaired for [the amount determined]". Although these allegations are to be considered true for the purposes of a motion to dismiss pursuant to CPLR 3211 (a) (7), we find that they fail to allege the requisite "morally culpable conduct" *(Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907) such that an extraordinary showing of a disingenuous or dishonest failure to carry out the contract is possible *(see, Naja v Pennsylvania Gen. Ins. Co., supra; see also, O'Dell v New York Prop. Ins. Underwriting Assn., supra).* Accordingly, that part of plaintiff's complaint seeking punitive damages should have been dismissed.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant State Farm Mutual Automobile Insurance Company's motion to dismiss that part of plaintiff's complaint seeking . punitive damages; motion granted to that extent and plaintiff's claim for punitive damages against said defendant dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.