WALTER SWEAZEY et al., Respondents, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.

Third Department, June 13, 1991

## APPEARANCES OF COUNSEL

*Andrews & Ransford (Stephen J. Ransford* of counsel), for appellant.

*LoPinto, Schlather, Solomon & Salk (Thomas D. Cramer* of counsel), for respondents.

## OPINION OF THE COURT

WEISS, J.

The pivotal issue in this appeal is whether consequential and punitive damages are recoverable in an action against an insurance company alleging breach of a contract of fire insurance issued to plaintiffs covering the building in which they resided and operated a business selling used cars. The facts, briefly stated, are that on August 2, 1988 defendant, through its agent, issued a homeowners policy of fire and liability insurance covering premises owned by plaintiffs for a one-year period commencing August 30, 1988. After the premises were damaged by a fire on October 5, 1988, plaintiffs filed a claim with defendant for fire loss. On or about April 20, 1989, defendant notified plaintiffs that it was rejecting their claim. Plaintiffs' complaint includes causes of action for breach of contract and negligence in processing and evaluating the claim; on both causes of action plaintiffs seek consequential and punitive damages in addition to the compensatory damages flowing from the fire. The answer alleges affirmative defenses that plaintiffs caused or procured the fire and committed fraud relating to the insurance. Supreme Court denied defendant's motion to strike the claims for consequential and punitive damages, holding that the existence of questions of fact precluded dismissal.* Defendant has appealed.

Plaintiffs allege that defendant acted wrongfully by essentially refusing to pay their loss without a basis in fact and in negligently and recklessly failing to timely process, investi-

---

* The motion papers do not indicate whether the motion was made pursuant to CPLR 3211 (a) (7) for failure to state a cause of action or CPLR 3212 for summary judgment. We assume it was the former.

gate, evaluate, decide and otherwise manage their claim. The bill of particulars purports to expand plaintiffs' charges by alleging that the rejection of their claim was based upon "defendant's erroneous belief that the fire was caused by a deliberate act caused or procured by the plaintiffs". In addition to the structural damage and loss of personalty, plaintiffs seek consequential damages for the loss of use of living quarters, disruption of business, inconvenience, loss of reputation in the community, public embarrassment and humiliation, mental anguish, emotional stress and related suffering, and loss of business profits.

We find that Supreme Court should have dismissed the claims for consequential damages in the absence of plaintiffs' showing that such damages were foreseeable and within the contemplation of the parties at the time the contract was made or prior thereto (see, American List Corp. v U.S. News & World Report, 75 NY2d 38, 43). The general damages, i.e., direct loss from fire such as cost to repair the real property, to replace personal property and loss of use of the insured premises, would be recoverable as the natural and probable consequences if plaintiffs succeed in proving that defendant breached the contract of insurance (see, Kenford Co. v County of Erie, 73 NY2d 312, 319, lv dismissed 74 NY2d 712). But further liability for unusual or extraordinary damages must have been brought within the contemplation of the parties as a probable result of a breach at the time of or prior to contracting (supra, at 319). The insurance policy in this case contains neither provisions nor language which demonstrates that recovery of consequential damages was within the contemplation of the parties (see, High Fashions Hair Cutters v Commercial Union Ins. Co., 145 AD2d 465, 467; 71 NY Jur 2d, Insurance, § 1751, at 121).

We further find that plaintiffs' claims for consequential damages for mental and emotional distress, which they describe as loss of reputation, public embarrassment, humiliation and mental anguish, should have been dismissed (see, Fleming v Allstate Ins. Co., 106 AD2d 426, affd 66 NY2d 838, cert denied 475 US 1096) because of their failure to allege or show the creation of a relationship or duty between them and defendant separate from the contract obligation (see, Fiore v State Farm Fire & Cas. Co., 135 AD2d 602, 603). We note, however, that the insurance policy does contain specific coverage for damages from their "loss of use", which should not be

considered as consequential damages and, therefore, survive a dismissal motion.

■ We also find that plaintiffs' claim for punitive damages should have been dismissed. " 'Allegations of breach of an insurance contract, even a breach committed willfully and without justification, are insufficient to authorize recovery of punitive damages' " *(High Fashions Hair Cutters v Commercial Union Ins. Co., supra,* at 467, quoting *Catalogue Serv. v Insurance Co.,* 74 AD2d 837, 838). Plaintiffs' pleadings show only that defendant's rejection of their claim was "without basis in fact" and otherwise charge defendant with negligence in failing to timely process, evaluate, decide and manage their claim. Plaintiffs were required to allege facts showing that defendant, "in its dealings with the general public, had engaged in a fraudulent scheme evincing such 'a high degree of moral turpitude and * * * such wanton dishonesty as to imply a criminal indifference to civil obligations' " *(Buttignol Constr. Co. v Allstate Ins. Co.,* 22 AD2d 689, quoting *Walker v Sheldon,* 10 NY2d 401, 405; *accord, Fiore v State Farm Fire & Cas. Co., supra,* at 603; *see also, Fleming v Allstate Ins. Co., supra).* Because there has been no showing here to sustain plaintiffs' claim for punitive damages, it should also be dismissed *(see, O'Dell v New York Prop. Ins. Underwriting Assn.,* 145 AD2d 791; *see also, Village of Malone Hous. Auth. v Jardine Ins. Brokers,* 140 AD2d 917, 918, *lv dismissed* 72 NY2d 953).

Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding all claims for consequential and punitive damages except those damages for loss of use; motion granted to that extent and said claims for consequential and punitive damages dismissed; and, as so modified, affirmed.