■ FRANK A. TATE, JR., et al., as Executors of FRANK A. TATE, SR., Deceased, et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant.—Appeal from an order of the Supreme Court (Brown, J.), entered October 21, 1991 in Saratoga County, which granted plaintiffs' motion to amend the complaint.

Plaintiffs* commenced this action claiming that defendant had breached its duty to provide them with certain benefits under their health benefits package. After the parties had engaged in extensive discovery, plaintiffs moved to amend their complaint to add a fifth cause of action for punitive damages. Supreme Court granted the motion and defendant appeals.

While recognizing that leave to serve an amended pleading should be freely granted in the absence of significant prejudice (see, CPLR 3025 [b]; Plattsburgh Distrib. Co. v Hudson Val. Wine Co., 108 AD2d 1043, 1044), it is also well settled that an independent cause of action for punitive damages does not exist in this State (see, Paroff v Muss, 171 AD2d 782, 783; Sylvester v Stephens, 148 AD2d 523, 524; Fiesel v Nanuet Props. Corp., 125 AD2d 292). In addition, to the extent that plaintiffs' fifth cause of action attempts to allege emotional distress, it has been held that in a breach of contract action such as this, damages for emotional distress are not available (see, Wehringer v Standard Sec. Life Ins. Co., 57 NY2d 757; Klein v Empire Blue Cross & Blue Shield, 173 AD2d 1006, 1008, lv denied 78 NY2d 863; Fleming v Allstate Ins. Co., 106 AD2d 426, affd 66 NY2d 838, cert denied 475 US 1096). Consequently, Supreme Court erred in allowing plaintiffs to amend their complaint to add the fifth cause of action.

---

* Since this action was commenced, plaintiff Frank A. Tate, Sr. has died and his sons have been substituted as parties. For purposes of this decision, however, references to plaintiffs are to Tate and his wife.

The remaining question is whether plaintiffs may be entitled to recover punitive damages at all *(see, Sylvester v Stephens, supra,* at 524). This Court has consistently held that "[p]unitive damages are not available for an isolated transaction such as a breach of an insurance contract, even if committed willfully and without justification" *(Home Ins. Co. v Karantonis,* 124 AD2d 368, 369; *see, Sweazey v Merchants Mut. Ins. Co.,* 169 AD2d 43, 46, *lv dismissed* 78 NY2d 1072; *Davis v Mutual of Omaha Ins. Co.,* 167 AD2d 714, 715-716; *Kinnarney v Natale Auto Body,* 157 AD2d 938). For plaintiffs to recover, they would need to allege facts showing that defendant has engaged in fraudulent conduct *(see, O'Dell v New York Prop. Ins. Underwriting Assn.,* 145 AD2d 791, 792), which requires an " 'extraordinary showing of a disingenuous or dishonest failure by defendant to carry out its contract' " *(supra,* at 792, quoting *Hebert v State Farm Mut. Auto. Ins. Co.,* 124 AD2d 958, 959, *lv dismissed* 69 NY2d 1038) or, in other words, morally culpable conduct by defendant *(see, Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907; *Kinnarney v Natale Auto Body, supra,* at 939). Viewed from this perspective, we find that plaintiffs' allegations are insufficient to sustain a claim for punitive damages and, therefore, the motion should have been denied.

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.