Williams vs. McManus.

## No. 9641.

## Mrs. Celia Williams vs. Dennis McManus.

In an action in damages for slander, the only possible defenses are: either a *denial*, or a *justification*, or a confession, under mitigating circumstances. There is no such thing in law as a half-way justification An answer which sets forth all these defenses equivocates and is inconsistent.

Drunkenness is not a defense to such an action, though it may perhaps be a matter in mitigation.

Neither is apology, unless accepted, to operate a release from responsibility.

Whatever be the provocation under which one acts, who utters abusive and defamatory epithets, it cannot be imputed to the party injured, who did not participate or is not connected with it.

| 38 | 161 |
| 44 | 938 |
| 38 | 161 |
| 47 | 254 |
| 38 | 161 |
| 52 | 1374 |
| 38 | 161 |
| f104 | 505 |
| 104 | 507 |
| 38 | 161 |
| 109 | 703 |
| 38 | 161 |
| 111 | 386 |
| 38 | 161 |
| f118 | 1005 |
| 38 | 161 |
| 123 | 52 |

The unauthorized use of opprobrious epithets which reflect upon and bring into contempt and disrepute the honor of a female of good social standing, implies malice, as slanderous *per se*, and suffices to maintain an action in damages without proving special damage.

Although injuries to the feelings, and to one's social *position*, be not susceptible of precise adjustment, still they are recognized as a legitimate ground for the recovery of reasonable indemnity, under the exceptional features of each case.

Where excessive damages are allowed, they may be reduced on appeal.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman*, J.

*M.* and *Jno. C. Ryan* for Plaintiff and Appellee.

*R. J. Bowman* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant appeals from a judgment, based on the verdict of a jury, sentencing him to pay to the plaintiff $2,500 damages, for slandering her.

The charge is that the defendant publicly denounced the plaintiff, on the streets of Alexandria, in the hearing of a number of witnesses, as a *damned whore*, her daughters as *damned sluts*, and her sons as *bastards;* that these epithets were repeated at least half a dozen times; that they are false, wilful, malicious and slanderous; that they were uttered without cause, and have injured the good name and character of plaintiff.

The defendant, after a general denial, answered that, if he used any such epithets, he has no recollection of it; that at the time he was so intoxicated as to be utterly unconscious of anything he said or did; that, when informed of the charge, he offered an apology which was declined; that he was not actuated by malice; that, if he uttered the epithets, they were the mere ravings of one too intoxicated or insane to know what he was doing.

The defendant specially denies that the plaintiff or her daughters were or could be defamed by the said insane ravings and that, so far as their fair name is concerned, no one is more ready to admit, or to sustain it, than himself.

In an action of this character, the only possible defenses are: either a denial, or a justification, or a confession, under mitigating circumstances.   R. S. 3640; 14 Ann. 406; 15 Ann. 166; 36 Ann. 469.

The answer includes them all.   It equivocates, and is utterly inconsistent.   10 Ann. 231; 28 Ann. 238.

There is no such thing in law as a *half-way* justification.   Townshend on Libel and Slander, § 212 and note (2d ed.).

The defendant has not at all undertaken to justify his conduct. He pleads exoneration from liability, because at the time of the occurrence he was beastly drunk, saying that he was not moved by malice, that as soon as he recovered his senses and was informed of his ravings he sent a letter of apology, and that he acknowledges the respectability of the plaintiff and her family, which could not be and was not injured by his defamatory language.

Subterfuges of that description cannot avail him.

The evidence establishes conclusively the facts charged, which may even be considered as admitted by the tergiversating answer.

Drunkenness is not a defense to an action of slander, though it may perhaps be a matter of mitigation. Townshend on Libel and Slander, § 249; Odgers on Libel and Slander, p. 169 (n.); 5 Ill. (4 Scam.) 30; 25 Iowa, 87.

Apology implies a fault, whatever merits it may have; it surely does not release from liability, unless where accepted with that intent, otherwise it would place in the power of one to do injury and then discharge himself by an apology. Townshend, § 250; 27 Ann. 219.

In the present instance the amend proposed was a mere letter to plaintiff, which did not even offer to recant or make retraction before the persons in whose presence the offense was perpetrated.

The evidence shows that on the night of defendant's marriage a crowd went to his house and commenced a *charivari*, blowing horns and beating tin pans, and that the defendant, who had become drunk and furious, came out pistol in hand commencing firing or trying to, and calling the plaintiff, her daughters and sons the villainous names already stated.

However lawless the crowd and great the provocation offered defendant may have been, surely the plaintiff, who was not present and who is not shown to have had anything to do with the disturbance, cannot be imputed with any fault, the less so, as her good character and social standing are well established.

The use of the opprobrious epithets employed implies malice, where these are slanderous *per se*. It suffices to maintain an action to recover damages without proving special injury. N. S. Dig., 1st series, vol. 12, p. 488, No. 67; 14 L. 198; 12 Ann. 894; 23 Ann. 280; 36 Ann. 469.

Every person has a right to enjoy that degree of respect, good will and social or business distinction to which his own acts and his social or business habits entitle him, and any one who unlawfully interferes

with this right by circulating slanderous reports renders himself liable for consequent damages. Folkard's Starkie on Libel and Slander, p. 99, n. § 2.

The plaintiff necessarily must have been and certainly was intensely mortified in her feelings, though she suffered no actual damages assessable in dollars and cents.

It is true that injuries to the feelings and to one's social standing are not susceptible of precise adjustment, but such injuries are recognized as a legitimate ground of action for reasonable indemnity. 17 Ann. 64; 19 Ann. 322; 23 Ann. 280. *Vox semel emissa, non revertit.*

The acknowledgment which defendant makes of plaintiff's respectability, in his answer, is sheer justice, but it cannot be invoked successfully in complete vindication of plaintiff's reputation or in full atonement for the injury inflicted. Defendant must be held to further reparation.

Considering that the defamatory language used was uttered on one occasion only, on which it is easy to conceive that defendant could quickly inflate into a passion; that the occurrence took place in the night time, before a crowd not large; that the actor was in great ebullition and not in the full control of himself; that he is a laborer of general good demeanor and of limited means,—we think that the jury did not make a proper and commensurate allowance and went beyond the limits to be observed in such cases.

It is therefore ordered and decreed that the judgment appealed from and the verdict whereon it rests, be amended by striking therefrom the words "*two thousand,*" so that the verdict and judgment be for *five hundred* ($500) only, and that thus amended the same be affirmed, the plaintiff to pay the costs of appeal, the defendant those of the lower court.