ON REMAND FROM THE SUPREME COURT
LOBRANO, Judge.
This matter comes before us on remand from the Supreme Court with instructions to reconsider the damage awards made to Mrs. Rodriguez and her son, Mitchell, excluding any evidence of defendant’s inability to pay. Rodriguez v. Traylor, et al., 468 So.2d 1186, (La.1985).[1]
We adhere to our original affirmation of the lower court’s decision with respect to Mitchell’s claim. The record substantiates the jury’s conclusion that he sustained no compensable injuries.
With respect to Mrs. Rodriguez’s claim we believe an award of $150,000.00 in general damages is more appropriate and meets the guidelines of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). We raise the award to what we consider *2 the lowest point for the injuries sustained by Mrs. Rodriguez. Our original opinion, and the Supreme Court’s opinion give a sufficient outline of her injuries and treatment and we find it unnecessary to repeat same here. We make this award without considering the defendant’s inability to pay.
We affirm our original holding that Richard J. Roy was a joint tort feasor, and since Mrs. Rodriguez settled her claim against him prior to trial, her award will be reduced by one-half. Raley v. Carter, 412 So.2d 1045 (La.1982).
Accordingly the judgment in favor of Mrs. Rodriguez for general damages is increased to $150,000.00, making a total judgment in her favor against William R. Tray-lor in the amount of $177,800.00. Said award, however, is reduced by one-half. In all other respects, the lower court judgment is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.
ON REHEARING GRANTED
We granted rehearing in this matter because we were in error in failing to reconsider the jury award of special damages. We have now done so.
The record substantiates an award of $40,814.44 for medical bills from the date of the accident up until trial.
Plaintiff’s exhibit # 8 estimates future medical expenses at $4,800.00, and Dr. Lleweyen testified that professional services of approximately $800.00 would be required in connection with his treatment. Therefore future medical should be $5,600.00.
Dr. Seymour Goodman testified that plaintiff had lost $21,089.95 in past wages. This amount should also be awarded.
We find insufficient evidence to award future lost wages.
Accordingly we amend our original judgment rendered on remand to include special damages of $67,504.29.[1]
AMENDED, AND AS AMENDED, AFFIRMED

. This writer adheres to the views expressed in Landry v. Bill Garrett Chevrolet, 443 So.2d 1139 (La.App. 4th Cir.1983) at footnote 3 wherein it was suggested that the holding of Gonzales v. Xerox, 320 So.2d 163 (La.1975) should be reviewed and/or explained so as to give a litigant the benefit of the entire judicial process. In the instant case, we are deciding the damage issue without the benefit of a correct lower court determination.

. This writer still adheres to the views expressed in footnote 1 of the opinion on remand. However, we are bound by the Supreme Court’s judgment to decide the matter, even though the parties and this Court do not have the benefit of a correct lower court determination.