WATKINS, Judge.
This is an action brought by Helen Turner on her own behalf and on behalf of her minor daughter Demetra Nicole Turner, to recover for the allegedly wrongful death of Clarence L. Turner as the result of a car-motorcycle collision. Demetra is the adopted daughter of the late Mr. Turner. Also, plaintiff seeks to recover damages as survivor for the one and one-half hours of suffering endured by Mr. Turner before he died. Named defendants were Rosa Ran-kins and State Farm Mutual Automobile Insurance Company, which afforded $25/$50 thousand coverage to Ms. Rankins.
The trial court awarded judgment in the sum of $50,000 to Helen Turner individually, and $25,000 to Helen Turner as tutrix of Demetra Nicole Turner. From this judgment, defendant appeals, denying liability, or alternatively seeking reduction of the quantum of the award, claiming the quantum awarded will render her impecunious.
The accident occurred as Ms. Rankins was driving her automobile in a southerly direction on North Acadian Thruway in East Baton Rouge Parish. At that point, North Acadian Thruway has two lanes proceeding south. Ms. Rankins attempted to make a left turn onto Washington Avenue, and her automobile collided with a motorcycle operated by Clarence Turner, also proceeding south. Ms. Rankins and a bystander, Anton Perkins, both testified that Ms. Rankins attempted to make the left turn onto Washington Avenue from the left lane. Clarence Henry and Lawrence Jackson, Jr., who testified they were in a car, travelling south behind Ms. Rankins’ automobile and Mr. Turner’s motorcycle, further testified that Ms. Rankins attempted a turn from the right lane directly into the path of the Turner motorcycle, which was travelling in the left lane of North Acadian Thruway.
There was thus a direct conflict in the testimony on behalf of the two sides. The case was heard without a jury. The trial court, in written reasons, stated that it believed the Turner witnesses’ version of events, and awarded damages. We have thoroughly reviewed the record, and cannot say that the trial court’s evaluation of the testimony was clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly, we find no error in the trial court’s findings that Ms. Rankins was at fault, and the late Mr. Turner was free from fault.
The trial court heard testimony concerning the possibility that a judgment in excess of Ms. Rankins’ policy limits of $25,-000/$50,000 in her policy with State Farm would render her impecunious. In its writ *406 ten reasons the trial court indicated it would have rendered a higher judgment but for Ms. Rankins’ financial state. Ms. Rankins seeks a still further reduction in quantum based on" her inability to pay even the judgment rendered.
In the recent Louisiana Supreme Court decision in Rodriguez v. Traylor, 468 So.2d 1186 (La.1985), it was held that the quantum of damages may not be mitigated by inability to pay. The matter of possible insolvency is a matter that more properly recommends itself to a bankruptcy court, Justice Blanche wrote. The line of cases permitting mitigation of damages in the event of inability to pay, which originated in Williams v. McManus, 38 La.Ann. 161 (1886) and Loyacano v. Jurgens, 50 La.Ann. 441, 23 So. 717 (1898), was specifically reversed. Thus, were it not for the fact plaintiff neither appealed nor answered the appeal, the quantum, which was to some extent reduced by the trial court because of inability to pay, should be increased in view of the recent Rodriguez decision, if anything. LSA C.C.P. art. 2133, Jeansonne v. Leon Pickard Chevrolet, 447 So.2d 551 (La.App. 1st Cir.1984). At the very least, the quantum must be kept to the present amount.
Accordingly, the judgment of the trial court is affirmed, at appellants’ cost.
AFFIRMED.