STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-580

JOSEPH L. ADAMS

VERSUS

LORI HEAPHY & ASSOC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF EVANGELINE, NO. 13-07748
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

Peters, J., concurs and assigns additional reasons.

Gremillion, J., concurs in the result.

REVERSED AND REMANDED.

Michael B. Miller
Attorney at Law
P. O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF-APPELLANT:
    Joseph L. Adams

**Frank X. Neuner**
**Philip H. Boudreaux, Jr.**
NEUNERPATE
**P. O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Lori Heaphy & Associates**

**PICKETT, Judge.**

A workers' compensation claimant appeals a judgment denying his claims that the court reporter hired by defense counsel to take and transcribe his deposition did not did not send a copy of his deposition for him to read and sign to his attorney as agreed and did not comply with the law because the copy of the original deposition she sent him was defaced. For the following reasons, we reverse the judgment and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On October 25, 2013, Mr. Joseph L. Adams filed a WC-1008 Disputed Claim for Compensation against Lori Heaphy & Associates (Heaphy), a court reporting service, in which he identified the dispute at issue as: "Refused to provide transcript of deposition of Joseph Adams to attorney as requested and sent a defaced copy of deposition directly to client (Joseph Adams) without notice to attorney." The dispute arose after Mr. Adams was deposed by his employer in connection with his workers' compensation claim. *Joseph Adams v. Acadian Works, Inc.*, District 04, Docket 12-8716.

Heaphy answered Mr. Adams' claim specifically denying that the court reporter who took and transcribed Mr. Adams' deposition failed to comply with any obligations she owed under the Louisiana Workers' Compensation Act and the Louisiana Code of Civil Procedure, including but not limited to, La.Code Civ.P. arts. 1445 and 1446. Heaphy also asserted a reconventional demand against Mr. Adams' attorneys for sanctions, costs, and attorney fees, as provided in La.Code Civ.P. art. 863(D)(4) and/or La.R.S. 23:1310.9, asserting that Mr. Adams' claim was filed "to harass and is not warranted by existing law." Heaphy also raised peremptory exceptions of no right of action and no cause of action.

Shortly thereafter, Heaphy filed a motion for summary judgment and supporting memorandum in which it set forth that Mr. Adams' deposition had been taken and transcribed by one of its certified court reporters who, pursuant to La.Code Civ.P. art. 1445, sent a copy of the deposition to Mr. Adams for him to read and sign. Heaphy argued that the deposition submitted to Mr. Adams was "word for word" a transcript of what had been submitted to the employer/insurer's attorney and that while the deposition had a red line down the middle of each page, it was clearly legible. Heaphy further asserted that Mr. Adams signed and dated the Witness Attestation on which he indicated no changes to the transcript and returned it to Heaphy. Heaphy argued that it had complied with all the requirements imposed under the Code of Civil Procedure and that no law required the transcript provided to Mr. Adams' attorney be free of charge. It sought dismissal of Mr. Adams' claims and awards of sanctions, costs, and attorney fees.

In his opposition to the summary judgment, Mr. Adams asserted that at the conclusion of his deposition, the court reporter agreed to his attorney's request that the transcribed deposition be sent to the attorney, not Mr. Adams, for Mr. Adams to review and sign. Mr. Adams further asserted that contrary to the agreement, Heaphy sent the deposition directly to him and that he read the deposition, completed a form, and returned the form to Heaphy as requested. As a result, Mr. Adams' attorney did not have a copy of anything Mr. Adams returned to Heaphy.

Mr. Adams complained that the copy of his deposition Heaphy provided to him was defaced as compared to the deposition provided to his employer in his workers' compensation case because his copy consisted of four pages of the full deposition which were reduced and condensed to one page with a two and one-half

2

inch red streak down the middle of each page, "defacing the document and making it more difficult to read." He asserted that the differences in the copy provided to him resulted in the defendants having an advantage over him.

At the hearing on the motion for summary judgment, Heaphy argued that the basis of Mr. Adams' complaint was that his attorney wanted a free copy of the deposition, rather than paying for it as provided in La.Code Civ.P. art. 1445. Mr. Adams' attorney pointed out, however, that pursuant to La.Code Civ.P. art. 1446(A)(1), he could obtain a free copy of Mr. Adams' deposition by getting the original from his employer/insurer's attorney and copying it. He reiterated his complaints that Mr. Adams' copy of his deposition is a legal document that had been defaced and that his client was entitled to have his deposition in the same form that was provided to the other party in the litigation. Counsel argued that court reporters are paid to perform work for the legal system and that the depositions they take and transcribe are property of the legal system. Counsel also complained that Heaphy's court reporter did not act in accordance with their agreement and forward the deposition to him, not his client, for him to review with his client. Counsel's primary complaint was that the copy of the deposition sent to his client was defaced with the wide red line. He argued that his client was not receiving equal treatment as required by law and that there is no legal authority for Heaphy's defacing a legal document.

The workers' compensation judge (WCJ) granted summary judgment in favor of Heaphy, finding that until Mr. Adams read and signed the deposition, "it is not yet an official public document." The WCJ concluded that reducing and condensing four pages of the deposition to one page and imposing a two and one-half inch wide red line down the middle of each page of the condensed deposition

3

provided to Mr. Adams did not result in "a significant impairment to the legibility" of the deposition. In reaching this conclusion, the WCJ noted that Mr. Adams read and signed the deposition without indicating there was an issue with his ability to read it. The WCJ denied Heaphy's request for sanctions, costs, and attorney fees.

Mr. Adams appealed. He assigns two errors with the WCJ's judgment:

1. The [WCJ] erroneously rendered judgment against Michael B. Miller and Jacqueline B. Manecke, the attorneys for Joseph Adams.

2. The [WCJ] erred in granting the Motion for Summary Judgment.

Heaphy answered the appeal, seeking sanctions, costs, and attorney fees as noted above.

**DISCUSSION**

*Was Judgment Erroneously Granted Against Attorneys for Mr. Adams?*

Mr. Adams argues the judgment in this matter should not have been entered against his attorneys because they are not parties to the suit. The Office of Workers' Compensation, District 04, styled the Citation that accompanied Mr. Adams' WC-1008 Disputed Claim for Compensation and included Mr. Adams' attorneys' names in the caption on the Citation pursuant to Mr. Adams' allegation that the court reporter agreed to send the deposition to his attorney, not him. In turn, counsel for Heaphy styled their pleadings and the judgment in the same manner.

The WCJ's jurisdiction is limited to claims or disputes arising out of workers' compensation claims as provided in Louisiana Revised Statutes Chapter 23. La.R.S. 23:1310.3(F). Mr. Adams' claims against Heaphy arise out of his workers' compensation claim. Heaphy's claims against Mr. Adams' attorneys are third party claims that do not fall within the limitations of La.R.S. 23:1310.3(F).

4

Therefore, the WCJ did not have jurisdiction to award judgment against Mr. Adams attorneys, and the judgment is reversed to the extent that it does.

***Summary Judgment***

Appellate courts apply the *de novo* standard of review to judgments on motions for summary judgment, "'using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.'" *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (quoting *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). The motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for the purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La.Code Civ.P. art. 967(A).

> Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. The purpose of the requirement of "personal knowledge" is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses. Portions of affidavits not based on personal knowledge of the affiant should not be considered by the trial court in deciding a motion for summary judgment.

*Denbury Onshore, L.L.C. v. Pucheu*, 08-1210, p. 18 (La.App. 3 Cir. 3/11/09), 6 So.3d 386, 398, (quoting *Hibernia Nat'l Bank v. Rivera*, 07-962, pp. 8-9 (La.App. 5 Cir. 9/30/08), 996 So.2d 534, 539-40 (citations omitted)).

5

***Deposition Not Sent to Mr. Adams' Attorney As Agreed***

Mr. Adams argues that Heaphy did not comply with an agreement his attorney reached with the court reporter to send the deposition to his attorney in order for Mr. Adams to review and sign the deposition. He supports this claim with his attorney's affidavit. Heaphy denied the allegations of Mr. Adams' claim in its Answer.

The affidavit of Mr. Adams' attorney sets forth, in pertinent part: (1) "at the end of [Mr. Adams'] deposition, Joseph Adams made a request that [Heaphy] provide the signing copy of the deposition to counsel's office, not to his client, Joseph Adams;" (2) "the court reporter agreed to submit the deposition for signing to his attorney, at his attorney's office;" (3) "the original deposition for signing was sent directly to Joseph Adams at his home and without notice to affiant;" (4) "affiant was made aware that the deposition was sent directly to Joseph Adams and had been returned to [Heaphy];" and (5) Heaphy "told affiant that he would not be provided with a deposition unless affiant paid the cost of the copy."

Heaphy argues that the affidavit of Mr. Adams' attorney is not competent evidence because it is not based on personal knowledge. A review of the affidavit shows that some of the statements therein are based on personal knowledge, but other statements are not. Although the affidavit could be interpreted as stating Mr. Adams personally requested that the deposition be sent to his attorney's office, close reading of the first statement quoted above shows the request was made by the attorney as Mr. Adams' legal representative. Even if the request was not made by the attorney, the deposition establishes that the attorney was present and, therefore, had personal knowledge of the request and the agreement.

The affidavit does not establish that the attorney's statements in the affidavit that the deposition was sent to Mr. Adams and not his attorney are based on personal knowledge. Notwithstanding, these facts are established by admissions Heaphy made in its briefs and at oral argument.

Heaphy argues that it complied with the requirements of La.Code Civ.P. art. 1445; therefore, it is entitled to summary judgment. Article 1445 provides:

> When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness unless the parties by stipulation waive the signing or the witness is ill or is absent from the parish where the deposition was taken or cannot be found or refuses to sign. If the deposition is not signed by the witness within thirty days of its submission to him, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed unless on a motion to suppress under Article 1456 the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part. A video deposition does not have to comply with the requirements of reading and signing by the deponents.

Heaphy contends that because Article 1445 provides that a deposition be sent to the deponent to read and sign, it satisfied its duties. This defense does not address Mr. Adams' claim that the court reporter agreed with his attorney to send his deposition to the attorney. Such an agreement would amend the provisions of Article 1445. For these reasons, a genuine issue of material fact exists as to whether such an agreement was confected. Accordingly, Heaphy is not entitled to summary judgment on this issue, and the WCJ erred in dismissing the claim.

7

***Differences Between the Original Deposition and Mr. Adams' Copy***

Mr. Adams argues Heaphy failed to present authority that allows it to provide a different document to him than was provided to his employer/insurer. As argued by Mr. Adams, the deposition submitted to him was not in the same format as the deposition provided to his employer/insurer.

Mr. Adams relies on the guidelines for court reporters that detail the specific formatting requirements to be used when preparing depositions. Heaphy argues that the formatting requirements of Louisiana Administrative Code 46:XXI.1101(A)(5)(b) were not addressed in Mr. Adams' original brief or oral argument before the WCJ; therefore, Mr. Adams' argument based on those requirements are not properly before this court.

The well-settled rule of law is that "as a general matter, appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed." *Council of City of New Orleans v. Washington*, 09-1067, p. 3 (La. 5/29/09), 9 So.3d 854, 856. *See also*, Uniform Rules of the Court of Appeal, Rule 1-3.

Mr. Adams made the formatting of the copy of his deposition that Heaphy provided to him an issue in his 1008 claim when he alleged that it was defaced. He expounded on this in his affidavit, his opposition to Heaphy's motion for summary judgment, and at oral argument, arguing his copy was defaced because it consisted of four pages of the full deposition condensed to one page and each page had a two and two-half inch red stripe down the middle of it. Mr. Adams did not argue to the WCJ that the deposition does not satisfy the requirements of Louisiana Administrative Code 46:XXI.1101(A)(5)(b); however, he raised the issue when he

specified the ways in which his copy had been "defaced." Accordingly, we find this issue was raised before the WCJ and is properly before this court on appeal.

Louisiana Administrative Code, Title 46, Part XXI, Chapter 11, § 1101 requires certified court reporters to follow the following guidelines when preparing depositions:

A. Every freelance certified reporter shall use the following transcript format rules on every deposition transcript prepared by that reporter.

1. Transcripts shall contain no fewer than 25 typed lines on standard 8 1/2 x 11 paper exclusive of page numbers and footers.
2. Transcripts shall contain no fewer than eight characters to the typed inch.

3. The distance between the left and right margins shall be no less than 6 3/8 inches.

4. Each question and answer shall begin on a separate line.

5. Either of the following may be used.

a. Each question and answer shall begin no more than five spaces from the left-hand margin. The text shall begin no more than five spaces following the question and answer. Carryover question and answer lines shall begin at the left-hand margins.

b. Block Version. Each question and answer shall begin at the left-hand margin. The text shall begin no more than five spaces following the question and answer. Carryover question and answer lines shall begin no more than six spaces from the left-hand margin.

6. Either of the following may be used.

a. Colloquy material shall begin no more than 15 spaces from the left-hand margin, with carryover lines commencing no more than 10 spaces from the left-hand margin.

b. Colloquy material shall begin with the speaker ID on a separate line no more than 10 spaces from the left-hand margin. The actual text shall begin on the next line 15 spaces from the left-hand margin, with carryover lines no more than 12 spaces from the left-hand margin.

7. Quoted material shall be treated in the same manner as either question and answer (Subparagraphs 5.a or 5.b) or colloquy material

(Subparagraphs 6.a or 6.b). Quoted material shall be single-spaced or double-spaced.

8. Parentheticals and exhibit markings shall begin no more than 15 spaces from the left-hand margin with carryover lines commencing no more than 15 spaces from the left-hand margin.

9. There shall be no numbered lines that are blank on a transcript page, excluding the last page of a transcript, title page, contents page, appearance page, stipulation page and certificate pages.

Without addressing these formatting requirements, Heaphy urges that it complied with the requirements of La.Code Civ.P. art. 1446; therefore, the WCJ properly granted summary judgment in its favor.

Louisiana Code of Civil Procedure Article 1446 provides in pertinent part (emphasis added):

A. (1) The officer as defined in Article 1434(B) shall certify on the deposition that the witness was duly sworn and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope endorsed with the title of the action and marked "Deposition of (here insert name of witness)" and shall promptly send it by United States mail or by courier to the party at whose request the deposition was taken, who shall become the custodian of the deposition. *The original of the deposition shall not be filed in the record, but shall be made available to all other parties in the matter for inspection or copying.* The failure or lack of filing such original in the record shall not affect the use or admissibility of the original at trial or by the court if otherwise authorized or provided by law.

. . . .

B. (1) *Upon payment of reasonable charges therefor, the officer as defined in Article 1434(B) shall furnish a copy of the deposition to any party or to the deponent.*

. . . .

C. The party taking the deposition shall give prompt notice to all other parties of its availability for inspection or copying.

Heaphy argues that Mr. Adams' complaint is without merit because pursuant to La.Code Civ. art. 1446(B)(1), it has the right to require payment of a reasonable

fee to provide counsel a copy of his client's deposition. This argument ignores Mr. Adams' argument that his attorney can obtain a copy of his client's deposition free of charge by obtaining it from the party who took the deposition and copying it himself, as provided in La.Code Civ.P. art. 1446(A)(1) and (C). Moreover, Heaphy's argument overlooks the significant distinction between these two provisions. Section (B)(1) requires a court reporter to provide a party who requests one a copy of a deposition in exchange for the payment of a reasonable fee. Section (A)(1) provides, however, that "[t]he original of the deposition shall not be filed in the record, but shall be made available to all other parties in the matter for inspection or copying." For these reasons, Heaphy's arguments that Mr. Adams' attorney merely wanted to obtain a free copy of his client's deposition to which he is not entitled lacks merit.

In relying on La.Code Civ.P. art. 1446 as support for its motion for summary judgment, Heaphy failed to acknowledge the mandatory requirements it must follow for formatting depositions. The copy of Mr. Adams' deposition that was provided to him does not satisfy the requirements of Louisiana Administrative Code 46:XXI.1101(A), and Heaphy has not cited any provision relieving it of these requirements. Neither Article 1445 nor Article 1446 relieves court reporters of the requirements. Heaphy argues that no requirement mandates the form of the copy provided to a deponent for his review. The only provision addressing the format of depositions is Louisiana Administrative Code 46:XXI.1101(A)(5)(b). Without showing that a provision of law or an agreement between the parties relieves the court reporter of meeting those requirements, Heaphy has not proved that it is entitled to judgment as a matter of law.

11

Lastly, Heaphy argues that because Mr. Adams did not file a motion to suppress his deposition as required by La.Code Civ.P. art. 1456, he has failed to establish that it is not entitled to summary judgment. Louisiana Code of Civil Procedure Article 1456 provides:

> Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, endorsed, transmitted, filed, or otherwise dealt with by the officer under Articles 1437 through 1449 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained.

Article 1456 does not apply to Mr. Adams' claim. Mr. Adams does not complain that the original of his deposition fails to satisfy the requirements of Louisiana Administrative Code 46:XXI.1101(A); he complains that the copy the deposition submitted to him for review and signature does not satisfy these requirements. Accordingly, we find this argument lacks merit.

The copy of Mr. Adams' deposition that Heaphy provided to him does not satisfy the requirements of Louisiana Administrative Code 46:XXI.1101(A); therefore, the WCJ legally erred in finding that the copy of Mr. Adams' deposition Heaphy submitted for Mr. Adams' review satisfied the requirements a deposition submitted to a deponent for review must meet. Accordingly, the judgment in favor of Heaphy is reversed.

### *Sanctions, Costs, and Attorney Fees*

Having determined that the WCJ erred in granting summary judgment in favor of Heaphy, we need not address the requests asserted by Heaphy in its Answer.

## DISPOSITION

The judgment granting summary judgment in favor of Lori Heaphy & Associates is reversed, and the matter is remanded for further proceedings. Lori Heaphy & Associates is cast with all costs.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-580

JOSEPH L. ADAMS

VERSUS

LORI HEAPHY & ASSOCIATES

PETERS, J., concurring.

I agree that the grant of summary judgment in favor of Lori Heaphy and Associates (Ms. Heaphy) should be reversed, but for other reasons. The principal opinion finds that there are genuine issues of material fact concerning whether there was an agreement for the court reporter taking the deposition to send the deposition to Mr. Adams' attorney rather than Mr. Adams, but I find that the record before us does not support that conclusion. However, given the record before us, I find that we need not even get to that point in reversing the grant of the summary judgment.

In support of her motion for summary judgment, Ms. Heaphy offered only the affidavit of Lauren Denham, the court reporter who recorded and transcribed Mr. Adams' deposition. In her affidavit, Ms. Denham carefully avoided mentioning the dispute over where the deposition was to be sent after transcription and merely asserted that she had performed all of the duties required of her under La.Code Civ.P. art. 1445. On the other hand, the affidavit of Mr. Adams' attorney submitted in opposition to the motion for summary judgment specifically states that there was an agreement to have the deposition sent to him instead of his client.

Given the fact that his statement is undisputed, there is no genuine issue of material fact concerning that issue, and Ms. Heaphy chose at a later time to ignore that agreement.

My conclusion that the matter should be reversed is based on the complete failure of Ms. Heaphy's office to comply with the very basic requirements of La.Code Civ.P. art. 1445. Ms. Heaphy acknowledges that the purpose of her office's actions in condensing the deposition to a copy of four pages of testimony for every original page transcribed and in overlaying each of those condensed pages with a two-and-one-half inch wide red line down the middle was to prevent Mr. Adams' attorney from making a copy without paying her office for the copy. Nonetheless, she argues that she could do so without impunity because she had fully complied with the appropriate provisions of the Louisiana Code of Civil Procedure. I find this argument to be without merit.

Ms. Heaphy and her court-reporter employees are officers of the court. *See* La.Code Civ.P. arts. 372 and 1443(C). That being the case, neither she nor her employees can simply change the requirements associated with the taking of depositions for the personal purpose of collecting an additional fee. Louisiana Code of Civil Procedure Article 1466(B) provides, in part, that the attorney or firm taking a deposition is liable for the charges associated with the reporting and transcribing of the deposition, and that an attorney who attends the deposition and requests a copy of the deposition from the court reporter is liable for the cost of that copy. However, nothing in La.Code Civ.P. art. 1466(B) *requires* an attorney attending a deposition to request a copy from the court reporter and, as pointed out in the principal opinion, he or she can later obtain a copy without going through the court reporter. *See* La.Code Civ.P. art. 1446(A)(1).

2

With regard to the signing requirement at issue in this litigation, La.Code Civ.P. art. 1445 provides that after the deposition has been transcribed, it (not a defaced copy or even an ordinary copy) "*shall* be submitted to the witness for examination[.]" (Emphasis added.) This mandatory requirement is not satisfied by the submission of a copy, much less one that is condensed and defaced as the one in this litigation. Once the deponent signs the deposition, he or she must return it to the court reporter. That officer of the court must then certify and seal the deposition pursuant to the requirements of La.Code Civ.P. art. 1446(A), and forward it "to the party at whose request the deposition was taken, who shall become the custodian of the deposition." "The *original* of the deposition shall not be filed in the record, but shall be made available to all other parties in the matter for inspection or copying." *Id.* (Emphasis added.) A question not addressed by the record now before us is whether Ms. Heaphy forwarded the original deposition to Acadian Works, Inc. (the party requesting the deposition) or to its attorney, after refusing to honor Mr. Adams' request that the deposition be forwarded to him through his attorney.

The obvious purpose of handling of the original deposition as required in La.Code Civ.P. arts. 1445 and 1446, is to protect the integrity of deposition itself; and while there is no evidence in this case of improper conduct in that respect, to allow copies to be used in one instance and the original in another opens the door for mischief. Just as the attorney for the party taking the deposition (despite the language of La.Code Civ.P. art. 1446 requiring it to be sent to the party, not the attorney) becomes the custodian of the original deposition, it is understandable that the attorney for the deponent should have input with his or her client in signing the original. It is simply professional courtesy. The court reporter has been paid for

services rendered, and it should be of no consequence to the court reporter if the deponent's attorney makes a copy of the deposition.

In this case, no one disputes the fact that Mr. Adams did not receive and sign the original deposition. Therefore, Ms. Heaphy has yet to comply with La.Code Civ.P. art. 1445. I would reverse the grant of summary judgment on this basis.