# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 19-551


ELAINE EWING

VERSUS

WESTPORT INSURANCE CORPORATION, ET AL.



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 17-C-1591-B
HONORABLE ADAM GERARD CASWELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Jonathan W. Perry, Judges.



**REVERSED AND REMANDED.**

**Alan W. Stewart**
**James Huey Gibson**
**Gibson Law Partners, LLC**
**P. O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6028**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Westport Insurance Corporation**
    **Chuck Granger**

**Donald J. Cazayoux, Jr.**
**J. Lane Ewing, Jr.**
**Cazayoux Ewing, LLC**
**257 Maximilian Street**
**Baton Rouge, LA 70802**
**(225) 650-7400**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Elaine Ewing**

**EZELL, Judge.**

This case presents the issue of whether collectability on an underlying claim for damages affects the recovery in a legal malpractice claim. For the following reasons, we find that does not.

**FACTS**

On April 9, 2015, Elaine Ewing was injured in an automobile accident when her vehicle was hit by a vehicle driven by Marc Melancon. She hired Chuck Granger to represent her in her case against Mr. Melancon. On April 4, 2016, Mr. Granger fax-filed a petition for damages to the Eighteenth Judicial District Court. However, Mr. Granger failed to forward the original petition for damages within seven days as required by La.R.S. 13:850. When the petition was finally filed on April 22, 2016, the one-year prescriptive period had passed, and the suit was dismissed on an exception of prescription.

Ms. Ewing filed suit against Mr. Granger and Westport Insurance Corporation, Mr. Granger's malpractice insurer, on April 5, 2017. She alleged she was entitled to all damages she would have recovered against Mr. Melancon and his insurer. Subsequently, the Defendants filed a motion for partial summary judgment alleging that Ms. Ewing's recovery could be no greater than her potential recovery in the underlying personal injury lawsuit, or the insurance policy limits. They alleged collectability above the polity limits as a defense. The trial court denied this motion for summary judgment because there was no evidence which indicated that Mr. Melancon would be unable to pay a judgment in excess of the policy limits.

Before trial on April 22, 2019, the Defendants reurged their motion for summary judgment. At this time and in agreement with Ms. Ewing, they introduced the deposition of Mr. Melancon in support of their motion for summary judgment.

The parties also stipulated that the coverage for the underlying insurance policies in the personal injury case totaled $30,000. It was also stipulated that there was an attorney/client relationship between Mr. Granger and Ms. Ewing, and Mr. Granger breached the standard of care. In ruling on the motion for summary judgment, the trial court stated:

> The Court after considering the deposition of the defendant driver, Marc Melancon, it's very clear that Mr. Melancon's testimony is that he would have filed bankruptcy for any judgment in excess of, and that his ability to pay would not support his paying any judgment above the underlying $30,000 of coverage. In addition, the deposition from a factual standpoint seems to leave no genuine issue of material fact as to whether or not he had an ability to pay anything. . . . I find that, in this case, the plaintiff cannot pursue damages in excess of the $30,000 of insurance, and my rationale is this, in every case where insurance is involved and limited insurance is involved, say in personal injury actions, where you have a $15,000 auto policy or you have, in this case a $30,000 of underlying auto coverage, a plaintiff would—for me to rule otherwise, would mean that a plaintiff, where there is limited insurance coverage, would be better off if their attorney committed malpractice, because the attorney would have more coverage than that underlying coverage.

The court then heard testimony and received evidence in Ms. Ewing's case against Mr. Granger. After the trial, the trial court ruled that Ms. Ewing's damages exceeded at least $30,000. However, it did not rule on the amount of actual damages, finding that issue to be moot due to the grant of summary judgment in favor of the Defendants on the issue of collectability. Ms. Ewing appealed the grant of summary judgment in favor of the Defendants.

## SUMMARY JUDGMENT

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it is "entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment is favored by law and

2

provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La.Code Civ.P. art. 966(A)(2).

> Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1267; *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882; *Allen v. State ex rel. Ernest N. Morial–New Orleans Exhibition Hall Authority*, 2002-1072 (La. 4/9/03), 842 So.2d 373, 377. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id*. at 765–66.

> On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. *See* La. C.C.P. art. 966(D)(1); *see also Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

A plaintiff must introduce evidence of three essential elements in order to establish a claim of legal malpractice: "1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence." *Brennan's Inc. v. Colbert*, 15-325, p. 24 (La.App. 4 Cir. 4/13/16), 191 So.3d 1101, 1114-15. "Once a *prima facie* case of malpractice has been made by the plaintiff, the burden of proof shifts to the defendant, who bears the burden of proving that the litigation would have been unsuccessful." *Id*. at 1115.

Prior to trial, the parties stipulated that there was an attorney-client relationship and that Mr. Granger breached the standard of care. Following trial, the trial court found that Ms. Ewing established that she suffered at least $30,000 in damages. The Defendants allege that Ms. Ewing is not entitled to any damages over the $30,000 policy limits even if a judgment was rendered for damages in excess of $30,000 because Mr. Melancon would not have been able to personally pay anything.

In *Rodriguez v. Traylor*, 468 So.2d 1186 (La.1985), the supreme court overruled long-standing jurisprudence that the inability of a defendant to pay should be considered by the fact finder in determining the amount of compensation that should be awarded to a plaintiff. In overruling the jurisprudence, the supreme court ruled that "the wealth or poverty of a party to a lawsuit is not a proper consideration in the determination of compensatory damages." *Id*. at 1188.

The supreme court has also held that "[a] plaintiff can have no greater rights against attorneys for the negligent handling of a claim than are available in the underlying claim." *Costello v. Hardy*, 03-1146, pp. 9-10 (La. 1/21/04), 864 So.2d 129, 138.

The Defendants introduced the deposition of Mr. Melancon in support of their motion for summary judgment. Mr. Melancon testified that he is employed at his father's business, Marc's Heat & Air, as an air technician. He explained that he gets paid for each job he performs. He earned $17,000 in 2018. He owns a 2007 Ford F150 with 110,000 miles on it which cost $16,000. Mr. Melancon's father paid the down payment of $10,000, and Mr. Melancon financed the remaining $6,000.

He got married in 2016 and has no other sources of income. His wife owns the house they live in, which she bought a couple of months before they were married. He has a registered boat trailer but does not own a boat. His dad is supposed to give

him a boat. He does not file tax returns. Mr. Melancon stated that he would not have been able to pay any judgment above $30,000 and would have considered filing bankruptcy.

In the instant case, there is no question that Ms. Ewing would have recovered on the underlying claim but for Mr. Granger's negligence. After reviewing Mr. Melancon's deposition, the trial court determined that Ms. Ewing's damages are greater than $30,000. However, the trial court agreed with the Defendants that Ms. Ewing would not be able to collect anything over $30,000 from Mr. Melancon and found that she was only entitled to $30,000.

Both parties cite this court's decision in *Fortenberry v. Continental Casualty Co.*, 15-418 (La.App. 3 Cir. 11/4/15), 179 So.3d 729, which involved a legal malpractice claim in which this court reversed summary judgment granted in favor of the plaintiff because there were questions of material fact as to whether the plaintiff was injured in the underlying accident. Referring to an earlier writ ruling in that case, this court noted that the plaintiff in a malpractice action had the burden of establishing all three prongs of *Costello*, 864 So.2d 129. However, the writ ruling further stated that it was the defendant attorney who had the burden of establishing that the client could not have recovered on the underlying claim regardless of the attorney's negligence.

We agree. However, pursuant to our de novo review of the case, we find that the Defendants cannot rely on a hypothetical situation of bankruptcy to limit Ms. Ewing's recovery. It is just as possible that Mr. Melancon may not file bankruptcy and the judgment may become collectible in the future should Mr. Melancon receive some money from other sources. It is admitted that Ms. Ewing would have been successful in her claim against Mr. Melancon. Ms. Ewing had a right to a judgment

5

for the recovery of the full amount of her damages against Mr. Melancon, without the consideration of his ability to pay the judgment. An inability to pay Ms. Ewing does not relieve Mr. Melancon of the **obligation** to pay her. Because of Mr. Granger's negligence, we will never know what Ms. Ewing would have collected from Mr. Melancon. Mr. Granger can have no greater rights in his defense of legal malpractice than Mr. Melancon would have had in the underlying suit. Ms. Ewing is entitled to the same rights against the Defendants as she had against Mr. Melancon, due to the negligence of Mr. Granger in depriving of her the ability to sue Mr. Melancon. Collectability could not be raised in the underlying lawsuit and should not be considered in Ms. Ewing's malpractice claim against the Defendants either.

The Defendants also argue that even if the collectability rule was not applied, Ms. Ewing's recovery should not exceed $30,000. At the end of the trial, the trial court specifically stated:

> On the record, for purposes of the judgment that I'm rendering, I also want it clear that my finding is not that Ms. Ewing's damages would not possibly exceed thirty, I'm finding that I find that they're at least thirty and that finding what they might actually be, I find that to be a moot issue and won't rule on that because of my ruling on the summary judgment; and only in the event should the Courts above me should overturn that decision, would I then revisit that issue upon remand.

The issue of the amount of damages was not addressed by the trial court. An appellate court cannot consider issues raised for the first time on appeal which have not been addressed by the trial court. *Johnson v. State*, 02-2382 (La. 5/20/03), 851 So.2d 918; *Adams v. Lori Heaphy & Assoc.*, 14-580 (La.App. 3 Cir. 12/17/14), 155 So.3d 170. Accordingly, we will remand this case to the trial court for a consideration of the amount of damages suffered by Ms. Ewing as a result of the accident.

For the reasons set forth in this opinion, the judgment of the trial court granting summary judgment in favor of Chuck Granger and Westport Insurance Corporation is reversed. The case is remanded to the trial court for consideration of the amount of damages. Costs of this appeal are assessed to Chuck Granger and Westport Insurance Corporation.

**REVERSED AND REMANDED.**